UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>RICHARD J. SILVA<br>　　Debtor<br><br>PETER B. TROWT and BEVERLY WAREHOUSE & TRAILER LEASING, INC.<br>　　Plaintiff<br><br>Vs.<br><br>RICHARD J. SILVA<br>　　Defendant | Chapter 7<br>Case No. 18-13128-MSH<br><br>Adversary Proceeding: 18-01168 |

## **DEBTOR'S ANSWER TO COMPLAINT OBJECTING TO DISCHARGE**

To the Honorable Melvin S. Hoffman, Chief Bankruptcy Judge:

Now respectfully represents Richard J. Silva (hereinafter "Debtor/Defendant"), Debtor/Defendant in the above-referenced adversary proceeding, who answers the complaint of Peter B. Trowt and Beverly Warehouse & Trailer Leasing, Inc. (herein jointly and severally "Trowt/BW") as follows:

### **JURISIDICTION AND VENUE**

1. Paragraph 1 is admitted.
2. Paragraph 2 is admitted.
3. Paragraph 3 is admitted.
4. Paragraph 4 is admitted.
5. Paragraph 5 is admitted.
6. Paragraph 6 is admitted, the Debtor/Defendant stating further that he is also the treasurer, secretary and registered agent of Trowt/BW.
7. Paragraph 7 is admitted.
8. Paragraph 8 is admitted.
9. Paragraph 9 is admitted.

## **STATEMENT OF FACTS**

10. The Debtor/Defendant respectfully requests that their Paragraph 10 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

11. The Debtor/Defendant respectfully requests that their Paragraph 11 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

12. The Debtor/Defendant respectfully requests that their Paragraph 12 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

13. The Debtor/Defendant respectfully requests that their Paragraph 13 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

14. The Debtor/Defendant respectfully requests that their Paragraph 14 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and; as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

15.     The Debtor/Defendant respectfully requests that their Paragraph 15 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

16.     The Debtor/Defendant respectfully requests that their Paragraph 16 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

17.     The Debtor/Defendant respectfully requests that their Paragraph 17 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

18.     The Debtor/Defendant respectfully requests that their Paragraph 18 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

19.     The Debtor/Defendant respectfully requests that their Paragraph 19 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

20. The Debtor/Defendant respectfully requests that their Paragraph 20 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

21. The Debtor/Defendant respectfully requests that their Paragraph 21 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

22. The Debtor/Defendant respectfully requests that their Paragraph 22 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

23. The Debtor/Defendant respectfully requests that their Paragraph 23 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

24. The Debtor/Defendant respectfully requests that their Paragraph 24 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

25. The Debtor/Defendant respectfully requests that their Paragraph 256 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

26. The Debtor/Defendant respectfully requests that their Paragraph 26 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

27. The Debtor/Defendant respectfully requests that their Paragraph 27 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

28. The Debtor/Defendant respectfully requests that their Paragraph 28 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

29. The Debtor/Defendant respectfully requests that their Paragraph 29 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

30.   The Debtor/Defendant respectfully requests that their Paragraph 30 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

31.   The Debtor/Defendant respectfully requests that their Paragraph 31 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

32.   The Debtor/Defendant respectfully requests that their Paragraph 32 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

33.   The Debtor/Defendant respectfully requests that their Paragraph 33 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

34.   The Debtor/Defendant respectfully requests that their Paragraph 34 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

35.     The Debtor/Defendant respectfully requests that their Paragraph 35 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

36.     The Debtor/Defendant respectfully requests that their Paragraph 36 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

37.     The Debtor/Defendant respectfully requests that their Paragraph 37 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to an arbitration award which was subsequently confirmed by the Essex County Superior Court and reduced to judgment; as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

38.     The Debtor/Defendant respectfully requests that their Paragraph 38 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

39.     The Debtor/Defendant respectfully requests that their Paragraph 39 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

40. The Debtor/Defendant respectfully requests that their Paragraph 40 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

41. The Debtor/Defendant respectfully requests that their Paragraph 41 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

42. The Debtor/Defendant respectfully requests that their Paragraph 42 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

43. The Debtor/Defendant respectfully requests that their Paragraph 43 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

44. The Debtor/Defendant respectfully requests that their Paragraph 44 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely

adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

45. The Debtor/Defendant respectfully requests that their Paragraph 45 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

46. The Debtor/Defendant respectfully requests that their Paragraph 46 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

47. The Debtor/Defendant respectfully requests that their Paragraph 47 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

48. The Debtor/Defendant respectfully requests that their Paragraph 48 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

49. The Debtor/Defendant respectfully requests that their Paragraph 49 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

50. The Debtor/Defendant respectfully requests that their Paragraph 50 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

51. The Debtor/Defendant respectfully requests that their Paragraph 51 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

52. The Debtor/Defendant respectfully requests that their Paragraph 52 be stricken because there are no facts at issue, Trowt/BW's claim having been reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW, their claim having been completely adjudicated, is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

53. Paragraph 53 requires no response as said Essex County Superior Court judgment speaks for itself.

54. Paragraph 54 requires no response as said Essex County Superior Court judgment speaks for itself.

55. Paragraph 55 requires no response as said Essex County Superior Court judgment speaks for itself.

## **AS TO COUNT I**

56. The Debtor/Defendant realleges his responses to Paragraphs 1 through 55 of Trowt/BW's complaint and incorporates the same herein specifically by reference.

57. Paragraph 57 requires no response as said Essex County Superior Court judgment speaks for itself.

58. Paragraph 58 sets forth a conclusion of law and, as such, no response is required.

59. Paragraph 59 sets forth a conclusion of law and, as such, no response is required.

## AS TO COUNT II

60. The Debtor/Defendant realleges his responses to Paragraphs 1 through 59 of Trowt/BW's complaint and incorporates the same herein specifically by reference.

61. Paragraph 61 requires no response as said Essex County Superior Court judgment speaks for itself.

62. Paragraph 62 sets forth a conclusion of law and, as such, no response is required.

63. Paragraph 63 sets forth a conclusion of law and, as such, no response is required.

## AS TO COUNT III

64. The Debtor/Defendant realleges his responses to Paragraphs 1 through 63 of Trowt/BW's complaint and incorporates the same herein specifically by reference.

65. The Debtor/Defendant respectfully requests that their Paragraph 65 be stricken because there are no facts at issue, Trowt/BW's claim having been completely adjudicated and reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

66. Paragraph 66 sets forth a conclusion of law and, as such, no response is required.

67. Paragraph 67 requires no response as said Essex County Superior Court judgment speaks for itself.

## AS TO COUNT IV

68. The Debtor/Defendant realleges his responses to Paragraphs 1 through

67 of Trowt/BW's complaint and incorporates the same herein specifically by reference.

69.	Paragraph 69 sets forth a conclusion of law and, as such, no response is required.

70.	The Debtor/Defendant respectfully requests that their Paragraph 70 be stricken because there are no facts at issue, Trowt/BW's claim having been completely adjudicated and reduced to a judgment issued by the Essex County Superior Court and, as such, it respectfully suggested that Trowt/BW is collaterally estopped from asserting anything other than their judgment issued by the Essex Superior Court.

71.	Paragraph 71 sets forth a conclusion of law and, as such, no response is required.

72.	In further answering, the Debtor/Defendant states that though the claim held by Trowt/BW has been fully adjudicated by the Essex County Superior Court, the Court will note from the copy of the docket (a copy of which is annexed hereto as Exhibit A), BW and Trout were both represented by the same counsel.

72.	In further answering, the Debtor/Defendant states that the underlying litigation involved one of BW's 50% stockholders against the other with the corporation added derivatively to the mix.

73.	In further answering, the Debtor/Defendant wonders how the same counsel could represent the other 50% shareholder and the corporation, of which the Debtor/Defendant is also a 50% shareholder, against the Debtor/Defendant.

74.	In further answering, the Debtor/Defendant wonders how it is not a conflict of interest for the same counsel to represent, in these circumstances, the corporation and one of its stockholders against the other.

75.	In further answering, the Debtor/Defendant states that the potential conflict does cast a pall on the judgment received by Trowt/BW; what confidences were divulged to the detriment of the Debtor/Defendant.

76.	In further answering, the Debtor/Defendant states that wherein the same counsel represented Trowt and BW, there exists the question of where did his loyalty lie.

77. In further answering, the Debtor/Defendant states that wherein the same counsel represented Trowt and BW, there exists the question of where did his loyalty lie; to the corporation or the other 50% shareholder.

78. In further answering, the Debtor/Defendant states that wherein the same counsel represented Trowt and BW, there exists the question whether or not the the concerns or aims of the corporation and its two (2) shareholders were compatible or incompatible.

79. In further answering, the Debtor/Defendant states that these circumstances should be inquired into by someone independent to determine if the potential conflict of interest was in any way consequential to the adjudication and judgment issued by the Essex County Superior Court.

WHEREFORE, the Debtor/Defendant Richard J. Silva requests that their Honorable Court dismiss the complaint of Peter B. Trowt and Beverly Warehouse & Trailer Leasing, Inc. and for such other relief that their Honorable Court deems appropriate and just.

Respectfully submitted
RICHARD J. SILVA
By his attorney

/s/ *Barry R. Levine*
Barry R. Levine (BBO No. 296500)
100 Cummings Center – Suite 327G
Beverly, MA 01915

Dated: December 10, 2018         978.922.8440 – phone
barry@levinelawoffice.com

## CERTIFICATE OF SERVICE

    I, Barry R. Levine, state that on December 10, 2018, I electronically filed the foregoing with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

        Joseph Butler, Chapter 7 Trustee
        John Fitzgerald, Office of the United States Trustee
        Martin A. Mooney, counsel to Honda Lease Trust
        Richard Mulligan, counsel to Quicken Loans
        Kenneth E. Lindauer, counsel to Mary Rees

                                            /s/ *Barry R. Levine*
                                            Barry R. Levine