UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                  )
In Re:                                          )
                                                  )    Chapter 7
RICHARD J. SILVA,                )    Case No. 18-13128
     Debtor.                              )
_____)
                                                  )
PETER B. TROWT and BEVERLY     )
STORAGE WAREHOUSE & TRAILER   )
LEASING, INC.,                        )    Adv. Proceeding No. 18-01168
     Plaintiffs,                           )
                                                  )
vs.                                              )
                                                  )
RICHARD J. SILVA,                )
     Defendant.                         )
_____)

## **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Plaintiffs, Peter B. Trowt ("Mr. Trowt") and Beverly Storage Warehouse & Trailer Leasing, Inc. ("BSWTL")(collectively the "Plaintiffs"), who hereby move this Honorable Court for Summary Judgment in their favor pursuant to Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056, on Counts I, II, III, and IV of the Plaintiffs' Complaint to Determine Dischargeability of Debts (the "Complaint") in the above-captioned adversarial proceeding.

This action arises from a pair of judgments entered in a Massachusetts state court action (the "State Court Action")[1] against the debtor in the underlying Chapter 7 bankruptcy and defendant in the instant adversarial proceeding, Richard J. Silva ("Silva"), and in favor of the

---

[1] See Trowt v. Silva, Essex County Superior Court Department, Civil Action No. 2011-01279.

Plaintiffs. On August 16, 2018, Silva filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, commencing the above-captioned Chapter 7 case. Pursuant to the judgments in the State Court Action, Trowt is listed in Silva's Chapter 7 Schedule E/F as a judgment creditor. Similarly, BSWTL is also listed in Silva's Chapter 7 Schedule E/F as a judgment creditor.

As set forth in the Proof of Claim filed by Trowt on November 6, 2018, the judgment on Trowt's claim is $710,601.65 (the "Trowt Judgment"), including interest at the statutory rate of 12% through August 16, 2018. Similarly, as set forth in the Proof of Claim filed by BSWTL on November 6, 2018, the judgment on BSWTL's claim is $493,385.42 (the "BSWTL Derivative Judgment"), including interest at the statutory rate of 12% through August 16, 2018. (the Trowt Judgment and BSWTL Derivative Judgment will be collectively referred to as the "Trowt and BSWTL Judgments").

The Plaintiffs filed the Complaint in the instant adversarial proceeding on November 8, 2018, alleging nondischargeability of the Trowt Judgment pursuant to 11 U.S.C. § 523(a)(2)(A) (Count I) and 11 U.S.C. § 523(a)(4) (Count IV), and nondischargeability of the BSWTL Derivative Judgment pursuant to those same provisions, Counts II and III, respectively. The Plaintiffs now move for Summary Judgment on all counts of the Complaint.

Specifically, because Silva's conduct, as fully outlined in the Plaintiffs' accompanying Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, constituted embezzlement for the purposes of nondischargeability under 11 U.S.C. § 523(a)(4), the Plaintiffs are entitled to judgment as a matter of law on Counts III and IV of the Complaint. Moreover, the

doctrine of collateral estoppel gives preclusive effect to the Trowt and BSWTL Judgments and the issues and claims in the Complaint, which Silva admits in his Answer.[2]

Similarly, because Silva's conduct constituted defalcation while acting in a fiduciary capacity for the purposes of nondischargeability under 11 U.S.C. § 523(a)(4), the Plaintiffs are entitled to judgment as a matter of law on Counts III and IV of the Complaint.  Finally, because the Trowt and BSWTL Judgments represent a debt obtained by false pretenses, a false representation, or actual fraud for the purposes of nondischargeability under 11 U.S.C. § 523(a)(2)(A), the Plaintiffs are entitled to judgment as a matter of law on Counts I and II of the Complaint.

For these reasons, and for the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, the Plaintiffs are entitled to Judgment as a Matter of Law on Counts I, II, III, and IV of the Complaint and therefore the Plaintiffs' Motion for Summary Judgment should be **ALLOWED.**

[Signature Page Follows]

---

[2] Silva readily admits in his Answer to the Complaint that the doctrine of collateral estoppel applies to the Trowt and BSWTL Judgments entered in the State Court Action.  See Answer at ¶¶ 10-52, 66, 70.

Respectfully submitted,

PETER B. TROWT and BEVERLY
STORAGE WAREHOUSE & TRAILER
LEASING, INC.,
By their attorney,

/s/Christopher W. Parker
Christopher W. Parker (BBO# 389720)
Law Offices of Christopher W. Parker
900 Cummings Center, Suite 207T
Beverly, MA 01915
Phone: 978-232-4201
Fax:  978-922-6464
Email:  cparker@metaxasbrown.com

Dated: December 21, 2018